IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL NO. 07-00266-CG |
| ) | |
| MONTREZS DEJUAN LEWIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the motion to suppress of defendant Montrezs Dejuan Lewis (Doc. 24), and the response of the United States (Doc. 59).  Upon review of defendant's motion, the court finds that the motion is due to be **DENIED** without an evidentiary hearing because defendant has failed to sufficiently allege facts which would support a legitimate expectation of privacy in the searched vehicle.

Defendant moves to suppress evidence obtained in violation of his Fourth Amendment rights.   However, Fourth Amendment rights are personal. Minnesota v. Carter, 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998); Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) ("[T]he Fourth Amendment protects people, not places").  The "capacity to claim the protection of the Fourth Amendment depends ... upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." Carter, 525 U.S. at 88, 119 S.Ct. at 473.

Defendant's motion seeks suppression of evidence obtained during the search of a vehicle which is reportedly owned by the defendant's mother.  Defendant's motion states that law enforcement reports indicate that the defendant's mother gave the defendant permission to use her vehicle.  (Emphasis supplied.)   However, defendant does not affirmatively allege that his

mother gave him permission to use the vehicle, or that he was driving the vehicle, or allege any other facts that would support a conclusion that the defendant had a legitimate expectation of privacy in the vehicle.   A "trial court may refuse a defendant's request for a suppression hearing and motion to suppress if the defendant fails to allege facts that, if proved, would require the grant of relief." United States v. Richardson, 764 F.2d 1514, 1526-27 (11th Cir.1985); see also United States v. Sneed, 732 F.2d 886, 888 (11th Cir.1984). "A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented." Richardson, 764 F.2d at 1527; United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000). Conclusory allegations and general assertions are insufficient.

The Court finds that defendant has failed to carry his burden of alleging facts that, if proved, would require the grant of relief because defendant has not affirmatively alleged any facts to support a legitimate expectation of privacy in the vehicle.

Therefore, defendant's motion to suppress (Doc. 24) is **DENIED**.

**DONE and ORDERED** this 12th  day of October, 2007.

                                                 /s/   Callie V. S. Granade
                                               CHIEF UNITED STATES DISTRICT JUDGE