IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MONTREZS DEJUAN LEWIS,            :

    Petitioner,            :
                                           CIVIL ACTION 10-0645-KD-M
v.                                :
                                           CRIMINAL ACTION 07-00266-KD-M
UNITED STATES OF AMERICA,         :

    Respondent.           :

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 253). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this action; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 253) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Montrezs DeJuan Lewis.

Petitioner was indicted on August 31, 2007 for knowingly and intentionally possessing, with intent to distribute, cocaine in violation of 21 U.S.C. § 841(a)(1) (Doc. 10). On September

1

26, 2007, a superseding indictment charged Lewis with conspiracy to possess, with intent to distribute, cocaine in violation of 21 U.S.C. § 846 (count 1); knowingly and intentionally possessing, with the intent to distribute, cocaine in violation of 21 U.S.C. § 841(a)(1) (count 2); and traveling in interstate commerce in furtherance of the conspiracy (racketeering) in violation of 18 U.S.C. §§ 1952(a)(3) and 2 (counts 3 and 4) (Doc. 26). Lewis was tried on February 19-20, 2008 and found guilty of all four counts (Doc. 198). On June 20, 2008, United States District Judge DuBose sentenced Petitioner as follows: life on count one, ten years on count two, and five years each on counts three and four, to be served concurrently; Lewis was also sentenced to ten years, eight years, three years, and three years, respectively, of supervised release following his release from prison on each of the four counts, and an assessment of four hundred dollars (Doc. 224).

Lewis appealed his conviction, but his newly-appointed attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) (Docs. 213, 215; *see* Doc. 251). On November 27, 2009, the Eleventh Circuit Court of Appeals issued a statement which included the following language: "Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent

examination of the entire record reveals no issue of arguable merit, counsel's motion to withdraw is **GRANTED**, and Lewis's convictions and sentences are **AFFIRMED**" (Doc. 251) (emphasis in original).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on November 24, 2010 in which he raises the following claims: (1) He was not made aware of his *Miranda* rights before interrogation; (2) he was not brought before a magistrate for seven days after he gave a statement; (3) his prosecution was not initiated with a complaint; and (4) his attorney rendered ineffective assistance (Doc. 253). Respondent filed a response on January 5, 2011 (Doc. 256) to which Petitioner replied (Doc. 260).

Respondent has asserted that Lewis's first three claims are procedurally defaulted because they were not raised before the resolution of the trial or on direct appeal (Doc. 256, p. 5). To overcome that default, it would be necessary for Petitioner to show both (1) "cause" for not timely raising the claim and (2) "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 166 (166). Respondent goes on to note, however, that because Lewis has also raised these three claims as particulars of his ineffective assistance of counsel claim, the Court must address their merit anyway.

Petitioner has asserted that his attorney rendered ineffective assistance of counsel in that he did not raise the first three claims brought in this Motion (Doc. 253, p. 8). Additionally, his attorney allowed expert testimony to come into evidence at his trial without making the expert appear to give the testimony, depriving him of his sixth amendment right to compulsory process (*id.*).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687.

Lewis first claims that he was not made aware of his

*Miranda* rights before he was interrogated. More specifically, he asserts that a Prichard city police officer came and questioned him in the hospital, where he had been taken after having been shot; the officer asked him about the shooting and the drugs found at the shooting scene, but never warned him about his rights (Doc. 253, p. 5).

In *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), the United States Supreme Court held as follows:

> [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently.

*Miranda*, 384 U.S. at 444.  The Court notes, however, that "*Miranda* is not implicated simply because an individual is the subject or target of an investigation."  *United States v. Manor*, 936 F.2d 1238, 1241 (11th Cir. 1991) (*citing Minnesota v. Murphy*, 465 U.S. 420, 431 (1984)).

Lewis has asserted that he was in custody when the police officer questioned him in the hospital, pointing to a document from the Prichard Police Department showing that he was arrested on August 23, 2007 for trafficking cocaine in a 1998 two-door Cadillac Eldorado (Doc. 260, Exhibit A).  The officer completing the form, Major M. Whitfield, indicated that he was investigating a shooting where three bricks of powdery substance had been found (*id.*).  Lewis argues that because he was not able to physically leave the hospital at the time of questioning, he was in custody (Doc. 260, pp. 10-12).

At trial, Marvin Whitfield testified that he was a Major with the Prichard Police Department with over twenty years of experience in law enforcement (Doc. 140, pp. 22-23).  On August 23, 2007, he took a call, at the scene of a shooting, where he found Lewis in the back of an ambulance and another man, Rodriguez sitting in a Cadillac, being interviewed by a detective (*id.* at p. 23, 25).  Searching the car, Whitfield found a red shopping bag containing three brick-like bundles

wrapped in tape which he believed—and were later confirmed—to be cocaine (*id.* at pp. 25-30). Later that day, Whitfield went to the University of South Alabama Hospital to talk with Petitioner who told him that he had taken Rodriguez, in the Cadillac, to introduce him to two individuals who sold narcotics so that they could engage in a cocaine transaction; Lewis stated that he was aware that there was cocaine in the Cadillac (*id.* at pp. 31-33, 45-46). Whitfield said that Lewis's speech was not slurred and that he was coherent (*id.* at p. 45).

Before going any further, the Court notes that Petitioner has not stated what information he gave that should have been suppressed because he was not properly instructed of his rights. Rather, he only refers to statements made on August 23-24, 2007 (*see* Doc. 253, p. 4).

Diego Tobon testified at trial that he was a special agent with the FBI and had thirteen years of law enforcement experience; on September 11, 2007, he spoke with Lewis at Lewis's request at the Mobile Metro jail along with another agent (Doc. 240, pp. 147-48, 158).[1] Tobon advised Petitioner of his *Miranda* rights and had him sign a form, indicating that he had been so informed (*id.* at p. 149). Lewis indicated that he

---

[1]Tobon stated that he actually conducted interviews on September 11 and 14, 2007 (Doc. 240, p. 158).

wanted to cooperate and he told how he and Rodriguez had met in 2001 and that in early 2007, the two of them, and others, began bringing cocaine into Prichard, Alabama from Houston, Texas; they made this trip ten-two-twelve times (*id.* at pp. 150-55). Lewis also told Tobon specific information about drug transactions among different people, providing detailed information about rental cars and dates of the trips; phone records and rental car records confirmed that information (*id.* at pp. 156-69). Lewis told Tobon that Rodriguez and Rodriguez's mother had brought the cocaine back that was seized in August 2007 from the Cadillac; Lewis admitted that he had been involved with that transaction (*id.* at pp. 156-57).

The Court finds, initially, that Tobon's testimony regarding what Lewis voluntarily told him subsumes the information to which Whitfield testified; Tobon's testimony, by itself, renders Petitioner's claim to be without merit. Nevertheless, though, in light of Petitioner's failure to point to specific information which he believes should have been excluded from evidence at trial, the Court finds that Petitioner has failed to show how he was prejudiced by its inclusion. As such, Lewis's claim that his attorney rendered ineffective assistance in not seeking to have it excluded, is without merit.

Petitioner next claims that his attorney rendered ineffective assistance in that he did not object to that fact that he was not brought before a magistrate for seven days after he gave a statement. Lewis asserts that because of this delay, the statements given on August 23-24, 2007 are inadmissible (Doc. 253, p. 5).

The Rules of Federal Criminal Procedure require that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge." Fed.R.Crim.P. 5(a)(1)(A). The United States Supreme Court, in *McNabb v. United States*, 318 U.S. 332, 343-44 (1943) stated that this was necessary to "guard[] against the misuse of the law enforcement process" [by] "assuring protection for the innocent but also in securing conviction of the guilty by methods that commend themselves to a progressive and self-confident society." In keeping with this policy, the *McNabb* Court held that it was reasonable to suppress confessions obtained during a period of unnecessary delay in bringing an arrested defendant before a magistrate judge. *McNabb*, 318 U.S. at 341. In *Mallory v. United States*, 354 U.S. 449 (1957), the Supreme Court held that confessions obtained during a period of unnecessary delay were inadmissible. This came to be known as the *McNabb*/*Mallory* rule (*see* Doc. 256, p. 12).

In 1986, Congress enacted 18 U.S.C. § 3501 which addressed the admissibility of voluntary confessions. In *Corley v. United States*, 129 S.Ct. 1558, 1571 (2009), the Supreme Court found that the legislation limited the *McNabb*/*Mallory* rule by providing that a confession shall not be inadmissible solely because of delay if it is found to have been made voluntarily and within six hours of arrest. The Court went on to hold that if a confession is made beyond the six-hour period but still before the defendant is presented to a magistrate, the trial court must determine whether the delay was unreasonable or unnecessary, and, if the answer is yes, whether the confession should be suppressed. *Corley*, 129 S.Ct. at 1571.

In this action, the evidence demonstrates that an order was entered for Lewis to be brought into federal custody on September 5, 2007; he was arraigned one week later on September 12 (*see* Docs. 14, 16). There is nothing in the record to indicate whether Petitioner was brought before a magistrate or judge in the State courts. Nevertheless, as noted previously, the testimony that Lewis argues should have been excluded was provided by another source; as such, he cannot demonstrate how he has been prejudiced by its admission. Therefore, Petitioner's claim that his attorney rendered ineffective

assistance in failing to object to its admission is without merit.

Lewis next claims that his attorney rendered ineffective assistance in that he failed to object to the fact that his prosecution was not initiated with a complaint. Petitioner asserts that because the Government failed to initiate this action correctly, the Court did not have jurisdiction to try him (Doc. 253, p. 7).

The Court notes that the Constitution states that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. Amend. V. The Court further notes that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (*citing Hagner v. United States*, 285 U.S. 427 (1932) and *United States v. Debrow*, 346 U.S. 374 (1953)).

Lewis has not pointed to any deficiency in the indictment or superseding indictment (Docs. 10, 26). The Court's review of those documents reveals no problems under *Hamling*. The Court finds no merit in Petitioner's assertion that this Court did not

11

have jurisdiction over his criminal prosecution because there is no complaint of record.

Lewis next claims that his attorney rendered ineffective assistance in that he allowed expert testimony to come into evidence at his trial without making the expert appear to give the testimony, depriving him of his sixth amendment right to compulsory process (Doc. 253, p. 8). Petitioner refers to a stipulation between his lawyer and the prosecuting attorney in which they agreed that "[i]f the chemist from the Alabama Department of Forensics was called, the chemist would testify that the drugs in Government's Exhibit number 21 were analyzed and found to be cocaine. The parties stipulate that this is so without the calling of the chemist" (Doc. 240, p. 30).

The Court notes, again, that Special Agent Tobon testified that Lewis had told him that he knew that cocaine was in the Cadillac as he had been involved in the transaction (Doc. 240, pp. 156-57); this is the same cocaine about which the chemist would have testified (*id*. at pp. 27-31). The Court fails to see how Petitioner has shown any prejudice in his attorney's choice to not make the expert provide repetitive testimony.

Petitioner has provided four different particular assertions as to how his attorney rendered ineffective assistance. The Court finds that Lewis has failed to show how

12

he has been prejudiced by any of the actions taken by his lawyer. Therefore, the Court finds that Lewis has failed to meet his burden under *Strickland*. The Court further notes that three of those particular assertions were claims standing alone; the Court has found that they, too, lack merit.

In light of these findings, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Montrezs DeJuan Lewis.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Inasmuch as the Court has found that Lewis has failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is suggested that Lewis will not be able to make that showing.

**CONCLUSION**

It is recommended that Lewis's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served

14

with a copy of the recommendation, unless a different
time is established by order.  The statement of
objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed de novo and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

   DONE this 15th day of April, 2011.


                         s/BERT W. MILLING, JR.
                         UNITED STATES MAGISTRATE JUDGE