IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) Criminal Action No. 07-00266-KD-M |
| | ) |
| **MONTREZS DeJUAN LEWIS,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Previously, Defendant Montrezs DeJuan Lewis moved for counsel to assist with a motion for compassionate release or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court appointed Assistant Federal Defender Fred Tiemann to represent Lewis (doc. 292). Subsequently, Lewis requested removal of the Federal Defender and appointment of new counsel (doc. 295). His request was denied (doc. 296).

Lewis again moves for removal of the Federal Defender and states that "[a]t this point, [he] would like to proceed *pro se* in filing" his motion (doc. 297, p. 7). Contemporaneous with the motion for removal, he filed a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 298). Lewis also requests return of all documents sent to the Federal Defender, so that they may be filed in support of his *pro se* motion (doc. 297, p. 7-8).

Lewis' *pro se* motion is deficient and fails to address the statutory prerequisites,[1] but because Lewis is represented by counsel, the Court will not consider the *pro se* motion. The Court also finds Lewis' reasons to remove counsel to be meritless.

---

[1] In relevant part, 18 U.S.C. § 3582(c) provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … if it finds that extraordinary and compelling reasons warrant such a reduction" . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L.

However, if Lewis does not want the Federal Defender to represent him, then the Court will remove the Federal Defender and Lewis may proceed unrepresented. See United States v. Webb, 565 F.3d 789, 794–95 (11th Cir. 2009) (defendants do not have a constitutional or statutory right to counsel in § 3582(c)(2) proceedings). Accordingly, **Lewis shall notify the Court by June 17, 2024, whether he wishes to proceed with the Federal Defender or *pro se.***

**DONE** and **ORDERED** this 17th day of May 2024.

>                    s / Kristi K. DuBose
>                    **KRISTI K. DuBOSE**
>                    **UNITED STATES DISTRICT JUDGE**

---

115-391, § 603(b), 132 Stat. 5194, 5239. Lewis does not provide the Court with any evidence that he has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his]" or that more than 30 days have lapsed "from the receipt of such a request by the warden" at Lewis' facility. 28 U.S.C. § 3582(c)(1)(A).